IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENNE BACA,

          Plaintiff,               No. 2:13-cv-0141 AC P

    vs.

CARMELINO  GALANG,

          Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

2   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

3   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

4   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

5   U.S.C. § 1915(b)(2).

6            The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

10  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11  U.S.C. § 1915A(b)(1),(2).

12           A claim is legally frivolous when it lacks an arguable basis either in law or in

13  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

14  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.

16  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

17  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

18  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

19           A complaint must contain more than a "formulaic recitation of the elements of a

20  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

21  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

22  must contain something more...than...a statement of facts that merely creates a suspicion [of] a

23  legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

24  Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual

25  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

26  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

1  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2  that the defendant is liable for the misconduct alleged." Id.

3          In reviewing a complaint under this standard, the court must accept as true the

4  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

6  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

7              *Allegations of the Petition*

8          The complaint, liberally construed, alleges that diagnostic images of plaintiff's

9  right hip were taken at Mercy Imaging Center in Folsom on June 29, 2010.  On September 10,

10 2010, he was seen and evaluated by CDCR[1] physician G. Wedell (not a party), who determined

11 that "the painful screw" had to be removed.  On October 26, 2010, plaintiff was admitted to San

12 Joaquin General Hospital to have the screw surgically removed by defendant Dr. Carmelino

13 Galang.  The screw was not intended to be permanently attached, and the surgery should have

14 been routine.  The head of the screw broke off during surgery.  Plaintiff experiences pain and

15 discomfort coming from the point of the screw, and nothing more can be done to alleviate the

16 situation.  Plaintiff seeks money damages.  Complaint, p. 5.

17              *Requirements of Rule 8*

18          Only by reviewing plaintiff's attached exhibits was the court able to discern that

19 plaintiff is referring to a screw in his right hip.  Plaintiff may attach exhibits to his complaint in

20 support or clarification of his claims.  Rule 8(a)(2) of the Federal Rules of Civil Procedure,

21 however, requires "a short and plain statement of the claim showing that the pleader is entitled to

22 relief...."  Plaintiff fails to provide allegations sufficient "to put defendants fairly on notice of the

23 claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord

24 Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with

25

26      [1]    California Department of Corrections and Rehabilitation.

3

1   vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.).  It is not the

2   function of the court to cull through plaintiff's exhibits in order to ferret out his claims.  The

3   complaint will be dismissed but plaintiff will be granted leave to amend.

4                    *Inadequate Medical Care - Eighth Amendment Violation*

5                In order to state a § 1983 claim for violation of the Eighth Amendment based on

6   inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

7   deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

8   To prevail, plaintiff must show both that his medical needs were objectively serious, and that

9   defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299

10  (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

11  mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5

12  (1992).

13               A serious medical need exists if the failure to treat a prisoner's condition could

14  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

15  that a prisoner has a serious need for medical treatment are the following: the existence of an

16  injury that a reasonable doctor or patient would find important and worthy of comment or

17  treatment; the presence of a medical condition that significantly affects an individual's daily

18  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

19  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

20  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

21  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

22               In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very

23  demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S.

24  at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

25  which is so obvious that it should be known) is insufficient to establish an Eighth Amendment

26  violation.  Id. at 836-37.  It not enough that a reasonable person would have known of the risk or

1  that a defendant should have known of the risk.  Id. at 842.  Rather, deliberate indifference is

2  established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to

3  inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal

4  citation omitted) (emphasis added).

5  A physician need not fail to treat an inmate altogether in order to violate that

6  inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.

7  1989).  A failure to *competently* treat a serious medical condition, even if some treatment is

8  prescribed, may constitute deliberate indifference in a particular case.  Id.  However, mere

9  differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth

10  Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,

11  662 F.2d 1337, 1344 (9th Cir. 1981).  In cases involving complex medical issues where plaintiff

12  contests the type of treatment he received, expert opinion will almost always be necessary to

13  establish the necessary level of deliberate indifference.  Hutchinson v. United States, 838 F.2d

14  390 (9th Cir. 1988).

15  A finding that an inmate was seriously harmed by the defendant's action or

16  inaction tends to provide additional support for a claim of deliberate indifference; however, it

17  does not end the inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the

18  more serious the medical needs of the prisoner, and the more unwarranted the defendant's

19  actions in light of those needs, the more likely it is that a plaintiff has established deliberate

20  indifference on the part of the defendant."  McGuckin, 974 F.2d at 1061.

21  To the extent plaintiff intends to allege that defendant Galang was deliberately

22  indifferent to a serious medical need when the head of a screw in plaintiff's right hip area broke

23  off while the defendant was performing surgery, plaintiff has failed to support the claim with

24  sufficient factual allegations.  There are no allegations of fact going to defendant Galang's

25  subjective knowledge of, and deliberate disregard for, a substantial risk to plaintiff.  At most, the

26  present allegations might support a state law claim for medical malpractice, which does not rise

1  to the level of an Eighth Amendment violation.  Plaintiff's claim of an Eighth Amendment

2  violation by defendant Galang will be dismissed, but plaintiff will be granted leave to amend.

3            *Conclusion*

4          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

5  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

6  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

7  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

8  there is some affirmative link or connection between a defendant's actions and the claimed

9  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d

10  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

11  vague and conclusory allegations of official participation in civil rights violations are not

12  sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

13          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

14  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

15  complaint be complete in itself without reference to any prior pleading.  This is because, as a

16  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Lacey v. Maricopa</u>

17  <u>County</u>, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint

18  supercedes the original complaint and renders it without legal effect... .")  Once plaintiff files an

19  amended complaint, the original pleading no longer serves any function in the case.  Therefore,

20  in an amended complaint, as in an original complaint, each claim and the involvement of each

21  defendant must be sufficiently alleged.

22          In accordance with the above, IT IS HEREBY ORDERED that:

23          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

24          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

25  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

26  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

1  Director of the California Department of Corrections and Rehabilitation filed concurrently

2  herewith.

3          3.  The complaint is dismissed for the reasons discussed above, with leave to file

4  an amended complaint within twenty-eight days from the date of service of this order.  Failure to

5  file an amended complaint will result in a recommendation that the action be dismissed.

6  DATED: March 19, 2013.

7

8  _____
   ALLISON CLAIRE
9  UNITED STATES MAGISTRATE JUDGE

10

AC:009
11  baca0141.b

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26